UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON P. SACKETT, | NO.  C14-804-RSM-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jason P. Sackett appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

## I.     FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, Plaintiff was a 28-year-old man with a high school education (in special education classes).  Administrative Record ("AR") at 43-44.  His past work experience includes employment as a laborer, inventory laborer, assembly line

REPORT AND RECOMMENDATION - 1

packager, fast-food supervisor, and quality control clerk.  AR at 257-62.  Plaintiff was last gainfully employed in May 2009.  AR at 257.

On July 1, 2011, Plaintiff filed a claim for SSI payments and DIB, alleging an onset date of April 1, 2006.  AR at 229-39.  Plaintiff asserts that he is disabled due to seizure disorder, epilepsy, leukodystrophy, and bipolar disorder.  AR at 291.

The Commissioner denied Plaintiff's claims initially and on reconsideration.  AR at 125-40, 145-58.  Plaintiff requested a hearing, which took place on September 13, 2012.  AR at 37-68.  On October 23, 2012, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform his past work, and, in the alternative, could perform other jobs existing in significant numbers in the national economy.  AR at 17-31.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-5, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On May 29, 2014, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1, 3.

## II.      JURISDICTION

Jurisdiction to review the Commissioner's decision exists under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.      STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

REPORT AND RECOMMENDATION - 2

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.    EVALUATING DISABILITY

As the claimant, Mr. Sackett bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age,

REPORT AND RECOMMENDATION - 3

1   education, and work experience, engage in any other substantial gainful activity existing in the

2   national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-

3   99 (9th Cir. 1999).

4          The Commissioner has established a five step sequential evaluation process for

5   determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§

6   404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At

7   step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at

8   any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step

9   one asks whether the claimant is presently engaged in "substantial gainful activity" ("SGA").

10  20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  If he is, disability benefits are denied.  If he is not, the

11  Commissioner proceeds to step two.  At step two, the claimant must establish that he has one

12  or more medically severe impairments, or combination of impairments, that limit his physical

13  or mental ability to do basic work activities.  If the claimant does not have such impairments,

14  he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe

15  impairment, the Commissioner moves to step three to determine whether the impairment meets

16  or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d),

17  416.920(d).  A claimant whose impairment meets or equals one of the listings for the required

18  twelve-month duration requirement is disabled.  *Id.*

19         When the claimant's impairment neither meets nor equals one of the impairments listed

20  in the regulations, the Commissioner must proceed to step four and evaluate the claimant's

21  residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the

22  Commissioner evaluates the physical and mental demands of the claimant's past relevant work

23         [1] SGA is work activity that is both substantial, i.e., involves significant physical and/or
24  mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On October 23, 2012, the ALJ found:

1. Plaintiff meets the insured status requirements of the Act through June 30, 2008.

2. Plaintiff has not engaged in SGA since April 1, 2006, the alleged onset date.

3. Plaintiff's cognitive disorder/borderline intellectual functioning is severe.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. Plaintiff has the RFC to perform a full range of physical work at all exertional levels but with the following nonexertional limitations: he can understand, remember, and carry out simple, routine tasks. He needs a routine, predictable work environment with few changes. He should not be expected to set his own goals, but he would be able to meet the goals of his employer.

6. Plaintiff can perform his past relevant work as a hand packager. In the alternative, he can perform other jobs, such as grinding polisher laborer, industrial cleaner, or fish dresser, that exist in significant numbers in the national economy.

7. Plaintiff has not been under a disability, as defined in the Act, from April 1, 2006, through the date of the decision.

AR at 19-31.

1

## VI.      ISSUES ON APPEAL

2

The principal issues on appeal are:

3

1.      Whether the ALJ erred in finding Plaintiff's depression, anxiety, and HIV to be not severe;

4

2.      Whether the ALJ erred in assessing medical evidence;

5

3.      Whether the ALJ erred in finding that Plaintiff did not meet Listing 12.05(c);

6

4.      Whether the ALJ erred in assessing Plaintiff's RFC; and

7

5.      Whether the ALJ erred in discounting Plaintiff's credibility.

8

Dkt. 12 at 1-2.

9

## VII.      DISCUSSION

10

The ALJ explained at step two that she found Plaintiff's depression, anxiety, and HIV

11

to be not severe for a variety of reasons.  AR at 20-21.  As to HIV, the ALJ found that

12

Plaintiff's HIV symptoms did not cause more than a minimal effect on his ability to perform

13

basic work activities because he failed to report any symptoms to his providers and did not

14

report any side effects from his HIV medication.  AR at 20.  Plaintiff does not cite any

15

evidence beyond his own subjective reports to support his allegation that his HIV should have

16

been considered severe (Dkt. 12 at 9), and this finding should therefore not be disturbed.  *See*

17

20 C.F.R. §§ 404.1508, 416.908.

18

But as to depression and anxiety, the ALJ found that although Plaintiff had been

19

diagnosed with these disorders, he had denied depression symptoms on another occasion (AR

20

at 418) and had refused a psychiatric referral.[2]  AR at 21.  The ALJ indicated that Plaintiff's

21

depression and anxiety caused no limitation in his daily activities, his social functioning, or his

22

ability to maintain concentration, persistence, and pace (the paragraph B criteria).  AR at 21-

23

_____

[2] The inference drawn here is disfavored in the Ninth Circuit.  *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

24

22. Instead, she attributed all of his limitations as to paragraph B criteria to his cognitive

disorder.[3]  AR at 21-22.

In making her findings as to Plaintiff's depression and anxiety, the ALJ did not

acknowledge that the State agency psychological consultant found that Plaintiff's mental

disorders caused mild to moderate functional limitations in the paragraph B criteria, or that the

State agency consultant found Plaintiff's affective disorder to be severe.  AR at 104-10.

Instead, the ALJ purported to afford significant weight to the State agency consultant's

opinion, without acknowledging the portions of that opinion that are inconsistent with her

findings.  That lack of acknowledgment distinguishes this case from *Magallanes*, 882 F.2d at

754-55.

In *Magallanes*, the court found that although the ALJ had failed to explicitly reject a

portion of a doctor's opinion, the ALJ's summary of "the facts and conflicting medical

evidence in detailed and thorough fashion" allowed the court to infer why the ALJ rejected the

opinion.  882 F.2d at 755.  Here, the ALJ's decision does not acknowledge the conflict in the

evidence, and instead purports to credit an opinion in conflict with her step-two findings.

Thus, the Commissioner's reliance on *Magallanes* is unavailing.  Dkt. 13 at 8-9.

On remand, the ALJ shall reconsider her step-two findings as to Plaintiff's depression

and anxiety diagnoses, and, if necessary, reconsider the effect of those findings on her step-

three findings.  The Commissioner apparently concedes that Plaintiff satisfies Listing

12.05(c)'s requirement that deficits in adaptive functioning occurred prior to age 22.  Dkt. 13 at

---

[3] The evidentiary support for this finding is not clear.  The State agency opinion does
not delineate which disorder caused which limitations, and neither does Plaintiff's testimony
(as cited by the ALJ).  AR at 24.  Particularly as to the social limitations identified by the ALJ,
it is not obvious that these limitations were caused by a cognitive disorder.  AR at 24
(describing Plaintiff's problems getting along with others, problems with anger, frustration, a
preference for isolation).

REPORT AND RECOMMENDATION - 7

11 n.6.  Because the ALJ's findings at steps two and three may be dispositive, the Court will not address Plaintiff's additional assignments of error challenging the ALJ's findings at subsequent steps in the sequential analysis.

### VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **April 2, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 3, 2015**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 19th day of March, 2015.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8